UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

TRAVARE MONROE GRANT,

        Petitioner,

v.

RIVERSIDE COUNTY SUPERIOR COURT,

        Respondent.

Case No. EDCV 14-1345-CJC(AJW)

MEMORANDUM AND ORDER
DISMISSING PETITION

    In 2009, petitioner was convicted of one count of first degree burglary and sentenced to state prison for a term of fourteen years. [Petition at 2]. In 2012, he filed a petition for a writ of habeas corpus in this Court challenging his 2009 conviction. Case No. EDCV 12-951-CAS(AJW). The petition was denied on the merits on December 5, 2012. Petitioner did not appeal.

    Petitioner filed the present petition for a writ of habeas corpus on July 1, 2014. Like the petition previously filed by petitioner, it challenges petitioner's 2009 conviction in the Riverside County Superior Court. [Petition at 2, 4].

    A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A

federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a successive petition may proceed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, this Court lacks jurisdiction to consider it. Accordingly, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: July 22, 2014

Cormac J. Carney
United States District Judge

2